Wash, J.,
delivered the opinion of the Court»
This was originally an action cbmmenced before a Justice of the Peace, by Mek ton v. Newberry, in which there was a trial, vérdict and judgment for Melton on the 10th of July, 1830. On the 13th of the same month, the plaintiff in error, who was defendant before the Justice, took án appeal to the Circuit Court. On the 23d of September, 1830, the transcript was filed in the Clerk’s office by the Justice who tried the cause» On the 28th of February, 1831, the appellant put into the Sheriff’s hands a notice of appeal to be served on the appellee, Melton, the defendant in error, Which Was served By the Sheriff on the 12th of March, 1831, “by reading the same in the hearing of Melton.” At the May term of the Circuit Court the appellee moved to dismiss the appeal for want of notice, which was done accordingly: to Which opinion of the Circuit Court, dismissing the appeal, Newberry excepted, and now comes with his writ of error into this Court. It appears by the hill of exceptions in addition to the facts above stated, that a subpoena had been served on witnesses to appear on behalf of Melton \ but whether it was taken out of drdered by Melton, does not appear»
*89 The counsel for the plaintiff in error has presented two points on 'which he claims reversal:
First. That the notice was sufficient and was properly served; and
Second. That Melton by his preparation for the trial in taking out the subpasna had waived all objection on that score.
The 23d section of the act establishing Justices’ Courts, &c,, JRev. Code, p. 481, provides “ that -in all cases of appeals not prayed for on the day the trial is had, the party appealing shall notify in writing, the opposite party or his agent, at least ten days before the sitting of the .next Court authorized to try the same, &e. It is insisted that the reading of the notice by the Sheriff is a substantial compliance with this statute. We do not think so. The general provision on the subject of serving notices in the progress of a cause, by reading the same to the party, does not apply in .this case. The Legislature have thought proper to require a notice in writing.
It would not have availed the appellant any thing in this case however, had the notice been given in writing, instead of being read to the appellee. The appeal was taken on the 13th of July, and the sitting of the next Circuit Court thereafter, was 'by law fixed for the first Thursday after the third Monday in September, and the notice should have been given at least ten days prior to that term. It is no answer to say that the term lapsed, and the Court did not sit in September. Nothing of thfe kind appears on the record, and if it did so appear, it could not have been legally anticipated by the appellant.
The appellee did nothing to waive his right to notice. The subpoena may or ma>y crot have been ordered by him; and if ordered would of itself weigh but little.
The judgment of the Circuit Court is, therefore, affirmed, with costs.